# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

AMANDA L. RHODES, )
)
        Plaintiff, )
)
        v. )   Case No. CIV-18-329-SPS
)
COMMISSIONER of the Social )
Security Administration, )
)
        Defendant. )

## OPINION AND ORDER

The claimant Amanda L. Rhodes requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which

exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was thirty-six years old at the time of the administrative hearing (Tr. 33). Her education includes up to two years of college, and she has worked as a billing code clerk, a scheduling clerk, and a front desk clerk (Tr. 23, 216). The claimant alleges she has been unable to work since September 29, 2015, due to bipolar disorder, manic depressive disorder, severe social anxiety, PTSD, and anxiety (Tr. 215).

**Procedural History**

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 on April 13, 2016, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on June 2, 2016. Her applications were denied. ALJ Ralph F. Shilling held an administrative hearing and determined that the claimant was not disabled in a written opinion dated December 7, 2017 (Tr. 15-25). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but that she could not climb, use ladders, ropes, or scaffolds, and that she must avoid cold and heat extremes, wetness and humidity, as well as fumes, dusts,

and odors. He further found that she had the ability to understand, remember, and carry out short and simple tasks and instructions, that work should be routine and repetitive, that she could ask simple questions or request assistance, and that she could have occasional public contact as well as occasional supervisory and co-worker contact (Tr. 20). The ALJ then concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform, *e. g.*, envelope addresser, lamp shade assembler, and eyeglass final assembler (Tr. 23-24).

**Review**

The claimant contends that the ALJ erred by failing to properly evaluate the medical evidence related to her mental impairments, specifically with regard to the opinion of counselor Indira Fewell, MSW, and that the ALJ failed to properly evaluate her subjective complaints. The Court agrees that the ALJ failed to properly evaluate the evidence of record, and the decision of the Commissioner should therefore be reversed.

The ALJ found that the claimant had the severe impairments of bereavement, post-traumatic stress disorder (PTSD), anxiety disorder, depressive disorder, asthma, and obesity (Tr. 17). The medical evidence related to the claimant's mental impairments reveals that she received primary care treatment at Kiamichi Family Medical Center dating back to 2013, including treatment for major depressive disorder, asthma, and panic disorder with agoraphobia and severe panic attacks (Tr. 326-397). The claimant also received treatment at Carl Albert Community Mental Health Center ("CACMHC"), with diagnoses by Indira Fewell including severe mixed bipolar disorder I, anxiety disorder, PTSD, and panic attacks (Tr. 413). She had an extensive history of trauma before the age of 16,

including mental/physical/emotional abuse by at least five relationships (Tr. 415). She reported medication compliance and that they helped control symptoms, but also that her depression and anxiety continued, including mood swings, anger, racing thoughts, and poor sleep (Tr. 443-446, 450-453). The claimant was hospitalized July 27-August 1, 2016 against her wishes after she blacked out and attempted to choke her boyfriend, and reported that she had attempted to overdose on pills during a previous blackout (Tr. 434, 456). The one-page handwritten discharge order indicates that the claimant was discharged as stabilized and that she had follow-up treatment at the CACMHC (Tr. 434). On March 28, 2017, Indira Fewell, MSW, wrote a letter to someone at the Oklahoma DHS office, in which she stated that "Due to Amanda Rhodes's mental status at this time, Amanda is unable to be employed." (Tr. 473). She provided no further elaboration on this statement. A May 2017 checkup at CACMHC indicated that the claimant's depression was moderate, anxiety was severe, mood swings and anger were mild, and racing thoughts were severe, and that the claimant was compliant with medications and believed they were helping control symptoms (Tr. 476).

State reviewing physicians determined that the claimant was markedly limited in the typical three areas of ability to understand and remember detailed instructions, carry out detailed instructions, and interact appropriately with the general public (Tr. 76-77, 91-92). They concluded that the claimant was capable of performing some simple tasks with limited interaction with the general public and that she could adapt to a work situation (Tr. 77, 92).

In his written opinion at step two, the ALJ summarized some of the medical records in determining the claimant's impairments. At step four, the ALJ summarized the claimant's hearing testimony and noted that he gave partial weight to the state reviewing physician opinions but (without referring to any evidence in the record) stated that he did not find the claimant markedly limited in the ability to interact with the general public (Tr. 22). He noted Ms. Fewell's March 2017 letter but gave it little weight "because it is not supported by the claimant's psychiatric examinations or other treatment records." (Tr. 22). He then summarized only the May 2017 treatment note by stating that it showed her condition remained stable and concluded that the claimant's medications were effective and controlled her symptoms reasonably well (Tr. 22-23). He stated that the claimant had not been to the emergency room in the past year due to panic attacks, while ignoring the fact she had received inpatient treatment for blacking out, choking her boyfriend, and a previous OD attempt (Tr. 23). He then concluded that the claimant was not disabled.

As an initial matter, the Court notes that although the ALJ *did* include some limitations related to the claimant's "mental impairments" in the RFC, the ALJ has connected no evidence in the record to instruct this Court as to how such a limitation accounts for the claimant's severe mental impairments of bereavement, PTSD, anxiety disorder, or depressive disorder. In fact, the ALJ seemed to question the severity of the claimant's mental impairments even at step four, where he largely focused on one record noting that the claimant was stable (which is not the same things as able to work). Such assessment does not account for the claimant's inpatient treatment in 2016, nor the symptoms that remained even after the claimant was reported to be stabilized. *See*

*Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five."); *Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work.").

Social Security regulations provide for the proper consideration of "other source" opinions such as the one provided by Ms. Fewell. *See, e. g., Frantz v. Astrue,* 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated with the relevant evidence "on key issues such as impairment severity and functional effects" under the factors in 20 C.F.R. §§ 404.1527, 416.927), *quoting* Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *3, *6 (Aug. 9, 2006) ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."). The factors for evaluating opinion evidence from "other sources" include: (i) the length of the relationship and frequency of contact; (ii) whether the opinion is consistent with other evidence; (iii) the extent the source provides relevant supporting evidence; (iv) how well the source's opinion is explained; (v) whether claimant's impairment is related to a source's specialty or area of expertise; and (vi) any other supporting or refuting factors. *See* Soc. Sec. Rul. 06–03p, at *4–5; 20 C.F.R. § 404.1527(c), 416.927(c) (these regulations applicable to claims filed prior to March 27,

2017). The ALJ noted at the outset of step four that he considered the opinion evidence in accordance with 20 C.F.R. §§ 404.1527 and 416.927 but failed to perform the proper analysis in his one-sentence rejection of her opinion. *See, e. g., Anderson v. Astrue*, 319 Fed. Appx. 712, 718 (10th Cir. 2009) ("Although the ALJ's decision need not include an *explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight calculation."). Here, the ALJ asserted without explanation that her MSS was not consistent with treatment records, and completely ignored Ms. Fewell's assessment in light of the claimant's diagnoses, their treatment relationship, and her observations of the claimant. *See, e. g., Clifton*, 79 F.3d at 1010 ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.") *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1984). *See also Anderson v. Astrue*, 319 Fed. Appx. 712, 718 (10th Cir. 2009) ("Although the ALJ's decision need not include an *explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight calculation.") [emphasis in original]. This analysis was particularly important here because Ms. Fewell was the claimant's treating counselor for much of the time period at issue, and her opinion is the only one in the record from a treating provider, albeit a treating "other source" provider. Furthermore, the ALJ did not even entirely summarize the claimant's treatment records at CACMHC, only referring to one positive treatment note. He completely ignored the consistent statements from the previous year of treatment notes indicating that the medications were helping but that she continued to experience moderate to severe

depression and severe anxiety despite positive results with her medication. The Court finds that such picking and choosing is inappropriate and likewise indicates a failure to conduct the proper analysis. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.").

Additionally, although the ALJ was clearly not required to give controlling weight to any opinion by Ms. Fewell to the effect that the claimant was unable to work, *see* 20 C.F.R. § 416.927(e)(1) ("A statement by a medical source that you are disabled or unable to work does not mean that we will determine that you are disabled."), he nevertheless should have determined the proper weight to give such an opinion rather than rejecting it outright. An opinion on an issue reserved to the Commissioner is not entitled to special significance, 20 C.F.R. § 416.927(e), but the ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." *See Miller v. Barnhart,* 43 Fed. Appx. 200, 204 (10th Cir. 2002), *quoting* Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *3. The ALJ's finding that the opinions were inconsistent with medical evidence and treating notes might have justified the refusal to accord controlling weight if the ALJ had not misstated and ignored evidence, but the ALJ would have nevertheless been required to determine the proper weight to give those opinions by applying the *Watkins* factors. *See Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004) ("Even if a treating physician's opinion is not entitled to controlling weight, [t]reating source medical opinions are still entitled to deference and must be weighed using

all of the factors provided in [20 C.F.R. § 416.927]."), *quoting Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). The ALJ failed to perform any of this analysis.

Because the ALJ failed to properly consider Ms. Fewell's opinion, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

The Court hereby FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 5th day of March, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**